# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE A. MICKLING,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE, Warden,<br><br>    Respondent. | Case No. 1:22-cv-00010-SKO (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 17] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California. All parties having consented to the jurisdiction of the magistrate judge, on November 8, 2022, the Court issued an order reassigning the case to the undersigned for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

Petitioner challenges seven (7) separate disciplinary hearings in which he was found guilty of violating various BOP Codes. He claims that for each disciplinary proceeding, the BOP failed to issue a statement of reasons for the guilty finding, and the BOP failed to serve the DHO report on him.

On May 10, 2022, Respondent filed a motion to dismiss the petition contending that

Petitioner failed to exhaust administrative remedies, and Petitioner's due process rights were not violated. (Doc. 17.)  On June 3, 2022, Petitioner filed an opposition. (Doc. 21.) For reasons discussed below, the Court will grant the motion and deny the petition.

## I. BACKGROUND

On August 27, 2014, Petitioner was convicted in the United States District Court for the District of Colorado of large scale armed federal drug trafficking charges. See United States v. Mickling, Case No. 1:14-cr-00016-RM-1 (D.Co. 2014).  On March 9, 2015, Petitioner was sentenced to a term of 192 months in federal prison. Id.

Petitioner claims due process violations occurred in the following seven (7) disciplinary proceedings: 1) No. 2652400, in 2014 Petitioner was charged with telephone abuse in violation of BOP Code 297; 2) No. 2689798, in 2015 Petitioner was charged with use of marijuana in violation of BOP Code 112; 3) No. 2894757, in 2016 Petitioner was charged with possession of a weapon in violation of BOP Code 104; 4) No. 2969619, in 2017 Petitioner was charged with refusing to provide a urine sample in violation of BOP Code 110; 5) No. 3163306, in 2018 Petitioner was charged with possession of a weapon in violation of BOP Code 104; 6) No. 3290054, in 2019 Petitioner was found guilty of making threats of bodily harm for purposes of engaging in sexual acts in violation of BOP Code 203 and 205; and 7) No. 3404934, in 2020 Petitioner was found guilty of assault in violation of BOP Code 224A. (Doc. 17-1 at 4-6.)

On January 3, 2022, Petitioner filed a federal petition for writ of habeas corpus in this Court. (Doc. 1.)  On May 10, 2022, Respondent filed a motion to dismiss the petition.  (Doc. 17.) On June 3, 2022, Petitioner filed an opposition to Respondent's motion. (Doc. 21.)

## II. DISCUSSION

### A. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g.,

Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

**B.    Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at USP-Atwater, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

**C.    Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

According to the exhibits attached to Respondent's motion, Petitioner has not exhausted his claims with respect to any of his disciplinary proceedings. He has not filed an administrative remedy at any of the three levels of the administrative remedy process. Thus, Respondent is correct that Petitioner has failed to exhaust his state remedies, and the petition should be dismissed. In any case, as discussed below, the claims are meritless.

**D.     Review of Petition**

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive the following procedural guarantees: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

Petitioner contends that he was not provided a written statement of reasons by the factfinder in support of the guilty findings in all seven (7) disciplinary proceedings. Review of the record reveals that Petitioner's claims lack merit. In all seven incidents, a final Disciplinary Hearing Officer's ("DHO") report was issued. (Sealed Appendix, pgs. 5-6, 24-25, 43-46, 47-49, 50-53, 64-67, 75-78.) As Respondent correctly notes, each DHO report contains a statement of reasons including assessment of credibility and evidence in support of the guilty finding. Petitioner also claims that each DHO report lacked service of process. With one exception, the DHO reports were served on Petitioner nearly contemporaneously with the DHO reports' issuance.[1] (Sealed Attachments, pgs. 6, 25, 46, 49, 53, 67, 78.) In fact, Petitioner pursued an administrative appeal with respect to two of the incidents, though not with respect to the same claims presented herein. (Doc. 17-1 at 21-37.)

To the extent Petitioner claims error due to the delay of service of process in Report No. 2689798, Respondent is correct that the claim is now moot insofar as Petitioner has received the DHO report, and he could still pursue administrative remedies. See Patterson v. Bolster, 2020 WL 520588 at *6 (E.D.Vir., Jan. 31, 2020) (Petitioner's due process claim that he did not receive the DHO Reports was deemed moot because after filing the action, Patterson received the DHO Reports) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969) (citation omitted) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

Accordingly, Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418 U.S. at 564. The petition will be denied.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED;

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DENIED WITH PREJUDICE; and

---

[1] The one exception, Report No. 2689798, was served on Petitioner on May 6, 2022. (Sealed Appendix, pg. 6.) Respondent states the delay was due to Petitioner's transfer to another BOP facility. Regardless, Petitioner could have timely pursued an administrative challenge on this incident until May 26, 2022.

5

3) The Clerk of Court is DIRECTED to enter judgment and close the case.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:  **December 2, 2022**               /s/ *Sheila K. Oberto*                
                                        UNITED STATES MAGISTRATE JUDGE